UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sandra Clay Suderland, | : |
|         Plaintiff, | : Civil Action No.: 3:12-cv-01455 |
| v. | : |
| Byron & Davis CCCC Inc.; and DOES 1-10, inclusive, | : COMPLAINT |
|         Defendants. | : October 12, 2012 |

For this Complaint, the Plaintiff, Sandra Clay Suderland, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. The Plaintiff, Sandra Clay Suderland ("Plaintiff"), is an adult individual residing in Stamford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Byron & Davis CCCC Inc. ("Byron"), is a Delaware

business entity with an address of 601 Philadelphia Pike, Wilmington, Delaware 19809, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Byron and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Byron at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Byron for collection, or Byron was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Byron Engages in Harassment and Abusive Tactics

12. On or around April 30, 2012, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. Feeling pressured, Plaintiff agreed to make a one-time payment in

the amount of $50.00 and provided Defendants with her debit card information.

14. During the same conversation Plaintiff requested that Defendants send her a letter reflecting the name of the debt collector, the name of the creditor and the amount of the Debt.

15. Despite Plaintiff's request, to date, Defendants failed to send Plaintiff a 30-Day Validation letter informing Plaintiff of her rights under the state and federal laws, including the right to dispute the Debt.

16. Further, on or around September 11, 2012, Defendants conducted two unauthorized withdrawals out of Plaintiff's bank account for the total amount of $100.00.

17. Additionally, Defendants contacted Plaintiff's sister after having obtained a correct telephone number and address for Plaintiff.

18. On September 13, 2012, Plaintiff contacted Defendants outraged about the fact that Defendants took money out of her account without her permission and contacted her sister. Plaintiff also reminded Defendants that they failed to send her a letter.

19. In response, Defendants' collector David McField stated: "I don't need to send you any paperwork. I'm not going to participate on this stall tactic."

C. <u>Plaintiff Suffered Actual Damages</u>

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger,

anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: October 12, 2012**

        **Respectfully submitted,**

        **By  /s/ Sergei Lemberg**

        **Sergei Lemberg, Esq.**
        **LEMBERG & ASSOCIATES L.L.C.**
        **1100 Summer Street, 3rd Floor**
        **Stamford, CT 06905**
        **Telephone: (203) 653-2250**
        **Facsimile:   (203) 653-3424**
        **Attorney for Plaintiff**